IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HOLOCAUST VICTIMS OF BANK THEFT, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No. 10 C 1884 |
| MAGYAR NEMZETI BANK, et. al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant MKB Bayerische Landesbank's (MKB) motion for reconsideration, motion in the alternative for clarification, and motion in the alternative for certification. This matter is also before the court on Defendant Erste Group Bank's (Erste) motion for reconsideration and motion in the alternative for certification. For the reasons stated below, MKB's motion for reconsideration is denied, MKB's alternative motion for clarification is stricken and in the alternative is denied, and MKB's alternative motion for certification is denied. Erste's motion for reconsideration and alternative motion for

1

certification are denied.

## BACKGROUND

On May 18, 2011, this court denied motions to dismiss filed by MKB and Erste. MKB and Erste request that the court reconsider that ruling. MKB requests in the alternative that the court clarify its ruling. MKB and Erste request in the alternative certification for an interlocutory appeal.

## LEGAL STANDARD

A motion for reconsideration may be brought "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996)(internal quotations omitted).

## DISCUSSION

I. MKB's Motion for Reconsideration

MKB contends that the court made a manifest error in concluding that there is a basis for personal jurisdiction over MKB in this case. MKB argues that this court erred in basing its decision concerning personal jurisdiction on Federal Rule of Civil

Procedure 4(k)(1) (Rule 4(k)(1)) as opposed to Federal Rule of Civil Procedure 4(k)(2) (Rule 4(k)(2)), which Plaintiffs argued was the basis for personal jurisdiction over MKB. The court, in agreeing with Plaintiffs' given basis for personal jurisdiction, clearly relied upon Rule 4(k)(2). Nowhere in the court's prior ruling did the court state that its ruling concerning personal jurisdiction was based on Rule 4(k)(1). MKB's belief that the court relied upon Rule 4(k)(1) is an unsupported speculation.

MKB also argues that the court "apparently" did not conduct the proper inquiry in regard to the personal jurisdiction issue. (MKB Recon. 4). MKB contends in the instant motion that the court evaluated whether MKB had sufficient contacts with Illinois and did not inquire as to whether MKB's contacts with the United States as a whole are sufficiently continuous and systematic to properly exercise personal jurisdiction over MKB pursuant to the federal long arm statute. (MKB Recon. 4). The court, in agreeing with Plaintiffs' given basis for personal jurisdiction, stated that Plaintiffs have shown that MKB has "extensive continuous and systematic general business contacts that would subject [it] to personal jurisdiction." (5/18/11 MO 8). In making such a statement, the court was clearly referring to MKB's contacts with the United States as a whole. *See, e.g., ISI Intern., Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001)(explaining

that Rule 4(k)(2) provides personal jurisdiction over "persons who do not reside in the United States, and have ample contacts with the nation as a whole, but whose contacts are so scattered among states that none of them would have jurisdiction"). MKB's belief that the court focused only on MKB's contacts with Illinois is an unsupported speculation.

MKB also states that "the Court appears to have overlooked" its argument regarding MKB's contacts in New York. (MKB Recon. 9). However, the fact that the court did not agree with MKB's argument does not mean that the court overlooked the argument. The court considered the entire record in making its rulings, including all of MKB's filings and arguments.

MKB also theorizes that the court must have found that MKB was subject to specific personal jurisdiction because the court in its opinion had cited certain cases that reference specific personal jurisdiction. Nowhere in the court's prior ruling did the court indicate that it was conducting a specific personal jurisdiction analysis. The case law cited by the court addressed both general and specific personal jurisdiction and merely provided the framework of the general principles of law regarding personal jurisdiction. The court also notes that although MKB questions the court's choice of cases cited in its ruling, the court in fact quoted *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and *Helicopteros Nacionales de*

*Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) in its personal jurisdiction analysis, and MKB cites those same cases in support of its personal jurisdiction arguments in its motion for reconsideration. (5/18/11 MO 7-8); (MKB Recon. 6); (MKB Reply 6).

MKB also states that the court's decision denying MKB's motion to dismiss "does not even mention, and appears to overlook entirely, the Statement of Interest filed by the United States Government." (MKB Recon. 6). Again, this assertion is an unsupported speculation. The mere fact that the phrase "Statement of Interest" is not specifically mentioned in the court's ruling does not show that the court failed to consider the Statement of Interest. The court's ruling addressed the issue of foreign policy considerations, including Executive Agreements or Treaties. However, based on the record, which is discussed in more detail below, the court indicated in its ruling that "it is premature to address at this juncture whether the Executive Agreements and Treaties cited by Defendants may limit certain Plaintiffs' claims, since their applicability raises factual issues not properly adjudicated at the motion to dismiss stage of the proceedings. At the summary judgment stage of the proceedings, if warranted, Defendants may re-raise the issue relating to the applicability of existing Executive Agreements or Treaties to Plaintiffs' claims." (5/18/11 MO 11). The Government's Statement of Interest (Statement of Interest) provides, in part, the following:

> The United States submits this Statement of Interest pursuant to 28 U.S.C. § 5171 in order to express the United States' foreign policy interests implicated by claims brought in this case against Erste Group Bank AG ("Erste Group") and MKB Bank. While the United States takes no position on the merits of the underlying legal claims or arguments advanced by plaintiffs or by defendants, because of the United States' strong support for cooperative compensation arrangements involving Holocaust claims against German and Austrian companies – arrangements that have provided billions of dollars to Holocaust victims – the United States recommends dismissal of claims against Erste Group and MKB Bank on any valid legal ground(s).

The record reflects that after the filing of the Statement of Interest, the Government's attorney appeared in court and participated in a brief dialogue relating to the Statement of Interest. (4/7/11 Trans. 4-10). After a discussion, unresolved factual issues as to the Statement of Interest still remained, such as whether the existing Executive Agreements or Treaties would be applicable to all Defendants and whether the Plaintiffs would be eligible for the funds under the existing Executive Agreements or Treaties. Based on the above, and based on the existing record, it is premature to resolve the foreign policy question at the present stage of the proceedings.

In addition to unresolved questions as to the Statement of Interest, the court notes that the Statement of Interest by the Government is a qualified interest. The Statement of Interest indicates that while the Government takes no position on the merits of Plaintiffs' underlying legal claims or arguments advanced by Plaintiffs or

6

Defendants, nonetheless the Government would recommend dismissal of the claims against MKB and Erste on any "valid legal ground(s)." The United States indicates that it has made this recommendation because of the United States' strong support for cooperative compensation arrangements to Holocaust victims involving claims against German and Austrian companies, and that such arrangements have provided billions of dollars to Holocaust victims. The Government has not joined in any of Defendants' arguments as to whether there are "valid legal grounds" for the dismissal of the claims against MKB and Erste. In addition, Plaintiffs' attorney indicated that Plaintiffs did not believe that Plaintiffs' claims against Defendant companies would be covered by the funds for Holocaust victims referenced in the Statement of Interest. At the hearing, the court asked the Government's counsel as to whether the Plaintiffs could presently file claims under the Austrian general fund referenced in the Statement of Interest, and the Government's counsel indicated that she did not know. Therefore, questions still remained as to the applicability of the Statement of Interest to the parties in this case. In addition, as to the question of Plaintiffs' eligibility to the funds referenced in the Government's Statement of Interest, Plaintiffs indicated that their initial review after the filing of the Government's Statement of Interest reflected that Plaintiffs would not be eligible. In regard to eligibility and also as to potential resolution, the Government's counsel

agreed to inquire and put Plaintiffs' counsel in touch with the appropriate officials. (4/27/11 Trans. 8). Since the Government's recommendation to dismiss the action in its Statement of Interest was based upon the fact that there was compensation already in place for Holocaust victims, and inasmuch as there was still an open question that was going to be explored further as to whether the Plaintiff victims would be eligible for such funds, the motions to dismiss based on the Statement of Interest were not ripe. In addition to the above bases, the Statement of Interest indicated that the Government would recommend dismissal if there are "valid legal grounds" for dismissal. It is worthwhile to note that this court, in its decision of May 18, 2011, disagreed with the majority ruling in *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111 (2d Cir. 2010), which was cited by Defendants on the issue of liability of corporations under the Alien Tort Statute. This court found that MKB and Erste, as corporations, can be held liable for genocide under the Alien Tort Statute, and, therefore, this court concluded that it had subject matter jurisdiction in this matter. *See Holocaust Victims of Bank Theft v. Magyar Nemzeti Bank*, 2011 WL 1900340, at *2 (N.D. Ill. 2011). This court notes that, on July 11, 2011, the Seventh Circuit in *Flomo v. Firestone Nat. Rubber Co., LLC*, 643 F.3d 1013 (7th Cir. 2011) disagreed with the majority opinion in *Kiobel* and held that corporations can be held liable under the Alien Tort Statute. Therefore, at least in that regard, there were no "valid

8

legal grounds" for the dismissal of the claims against MKB and Erste, and the Government's recommendation for dismissal in its Statement of Interest, which is premised on the precondition that there are "valid legal grounds" for dismissal, would not be applicable as far as the Alien Tort Statute is concerned. Thus, contrary to MKB's assertions, this court carefully considered the entire record, including the Statement of Interest.

The court also notes that MKB, in its reply, cites two recent Supreme Court decisions that address personal jurisdiction issues. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846 (2011); *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S.Ct. 2780 (2011). The court has reviewed both decisions, and as argued by Plaintiffs in their sur-reply, those two decisions are not on point as far as personal jurisdiction is concerned in this case. Thus, MKB has not shown that the court erred in regard to the personal jurisdiction issue. Plaintiffs clearly pointed to sufficient evidence at this stage of the proceedings to meet their burden of showing that MKB is subject to personal jurisdiction based on its extensive contacts with the United States. This court also notes that MKB has made certain references to certain discovery issues. However, the parties have yet to propose a discovery plan, including limited discovery relating to certain issues or claims. Therefore, based on all of the above, MKB's motion for reconsideration is denied.

II. MKB's Motion for Clarification

MKB argues that the court should clarify its prior ruling if the court decides not to reconsider its prior ruling on the personal jurisdiction issue. The court's prior ruling was clear and, as indicated above, the purported confusion by MKB appears to be based on dissatisfaction with the court's ruling, and MKB's motion for clarification is based on an unsupported speculation. MKB also attempts to elicit various details from the court concerning the decision-making process behind the court's prior ruling. In this case, MKB filed a motion to dismiss and the court ruled based on the record. MKB is not entitled to a supplemental ruling. The motion for clarification is therefore stricken as improper. Even if the motion for clarification was not stricken, the motion would be denied since MKB has not pointed to any portion of the court's ruling that is not adequately discussed.

III. MKB's Motion for Certification

MKB also moves in the alternative for the court to certify an interlocutory appeal on the personal jurisdiction issue pursuant to 28 U.S.C. § 1292(b) (Section 1292(b)). Section 1292(b) provides the following:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a

> controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b); *see also Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000)(stating that "[t]here are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation")(emphasis in original). As to the personal jurisdiction issue that MKB seeks to certify for an interlocutory appeal, this court is not of the opinion, and MKB has not shown, that there is substantial ground for difference of opinion on the personal jurisdiction issue, nor that an immediate appeal from the order would materially advance the ultimate termination of the litigation. The court also notes that interlocutory appeals are generally disfavored. *See, e.g., Blair v. Equifax Check Services, Inc.*, 181 F.3d 832, 835 (7th Cir. 1999)(indicating that "a principal reason why interlocutory appeals are so disfavored in the federal system" is "because that procedure interrupts the progress of a case and prolongs its disposition"). The court is not of the opinion that this matter is suitable

for an interlocutory appeal. Therefore, MKB's motion for certification of an interlocutory appeal on the personal jurisdiction issue is denied.

IV. Erste's Motion for Reconsideration

Erste contends that the court committed manifest error in regard to Erste's political question defense. Erste first argues that the court did not specifically reference the Statement of Interest and thus "disregarded . . . the foreign policy concerns of the Executive Branch of the United States." (Erste Recon. 2). As explained above, the court carefully considered the Statement of Interest, and after a dialogue with the Government's counsel and the parties relating to that Statement of Interest, the court made its ruling. Erste's speculation that the court failed to properly consider the Statement of Interest has no merit.

Erste also argues that other federal courts, when presented with statements of interest from the United States, have deferred to the foreign policy interests of the United States. This court gave careful consideration to the Statement of Interest, which relates to Executive Agreements, Treaties, and foreign policy considerations. As the court indicated above when discussing MKB's motion for reconsideration on this issue, since the Government's recommendation to dismiss the action in its Statement of Interest was based upon the fact that there was compensation already in

12

place for Holocaust victims, and inasmuch as there was still an open question that was going to be explored further as to whether the Plaintiff victims would be eligible for such funds, the motions to dismiss based on the Statement of Interest were not ripe. Erste also argues that a political question defense can typically be resolved at the motion to dismiss stage. However, based on the facts of this case at this juncture, there remain questions as to whether the Government's Statement of Interest is applicable and as to whether Plaintiffs are eligible for the funds referenced in the Statement of Interest. Erste is not entitled to obtain a ruling based on an incomplete record without giving Plaintiffs a fair opportunity to conduct the discovery that is necessary to respond to a dispositive motion on the political question defense.

Erste also argues that federal courts in general give deference to the Executive Branch in Holocaust-related actions, particularly where executive agreements are involved. Erste argues that it is an "Austrian company" as defined in the United States-Austrian Executive Agreements. Erste contends that the United States Executive Branch and the Austrian Ambassador to the United States have submitted statements agreeing that the United States-Austrian Executive Agreements cover Erste. As the court indicated earlier, the court asked the Government's counsel at the hearing whether the Plaintiffs could presently file claims as to the Austrian general fund referenced in the Statement of Interest, and the Government's counsel indicated

13

that she did not know the answer, but the Government counsel indicated her willingness to put Plaintiffs in touch with the appropriate officials both in that regard and with respect to potential resolution. Therefore, questions still remained as to the applicability of the Statement of Interest to the parties in this case. Thus, it is premature to resolve the issue of deference to executive agreements based on the facts of this case at this stage of the proceedings. This court also notes that, as discussed above in regard to MKB's motion to reconsider, the parties have yet to propose a discovery plan, including limited discovery relating to certain issues or claims. Therefore, based on all of the above, Erste's motion for reconsideration is denied.

V. Erste's Motion for Certification

Erste moves in the alternative for the court to certify an interlocutory appeal on the issue of the justiciability of the claims against Erste and the timeliness of the action under the applicable statute of limitations pursuant to 28 U.S.C. § 1292(b) (Section 1292(b)). Section 1292(b) provides the following:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction

> of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b); *see also Ahrenholz*, 219 F.3d at 675 (stating that "[t]here are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation")(emphasis in original). As to the issues that Erste seeks to certify for an interlocutory appeal, this court is not of the opinion, and Erste has not shown, that there is substantial ground for difference of opinion on the issues that Erste seeks to certify, nor that an immediate appeal from the order would materially advance the ultimate termination of the litigation. As indicated above, the court also notes that interlocutory appeals are generally disfavored. *See, e.g., Blair*, 181 F.3d at 835 (indicating that "a principal reason why interlocutory appeals are so disfavored in the federal system" is "because that procedure interrupts the progress of a case and prolongs its disposition"). The court is not of the opinion that this matter is suitable for an interlocutory appeal.

In addition to Erste's above motion for certification, Erste also indicates that it joins in the motions for certification filed by co-Defendants Magyar Nemzeti Bank (MNB) and OTP Bank (OTP). On June 17, 2001, the motions for certification

15

brought by MNB and OTP were denied, and to the extent that Erste joins in their motions, Erste's motion for certification is also denied for the same reasons. Therefore, based on all of the above, Erste's motion for certification of an interlocutory appeal is denied.

## CONCLUSION

Based on the foregoing analysis, MKB's motion for reconsideration is denied, MKB's alternative motion for clarification is stricken and in the alternative is denied, and MKB's alternative motion for certification is denied. Erste's motion for reconsideration and alternative motion for certification are denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 11, 2011